UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KHRISTIAN WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-2141 |
| | ) |
| GOODWIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at the Champaign County Satellite Jail. (Doc. 1).

The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## ALLEGATIONS

Plaintiff files suit against Defendants Officers Goodwin, Johnson, Wells, Casteel, and Williams, the Champaign County Satellite Jail ("Jail"), and ACH.

Plaintiff alleges another inmate, Demetrius Wade, attacked him at the Jail on March 15, 2023. Prior to the attack, Plaintiff alleges he observed Mr. Wade place something in his door to

1

keep it from locking, but Defendants Wells and Casteel failed to notice because they did not do their required security checks. As Plaintiff proceeded to the shower area, Mr. Wade opened his cell and attacked him, causing Plaintiff to suffer injuries. Plaintiff has stated a Fourteenth Amendment failure-to-protect claim against Defendants Wells and Casteel, who allegedly failed to perform the required security check. *See Byron v. Dart*, 825 F.Supp.2d 958, 962-63 (N.D. Ill. 2011); *Thomas v. Sheahan*, 499 F.Supp.2d 1062, 1092 (N.D. Ill. 2007).

Officer Curtis, who is not named as a party, and Defendant Goodwin responded to the attack. After Officer Curtis pulled Mr. Wade off Plaintiff, Defendant Johnson allegedly jumped on top of Plaintiff and Defendant Goodwin sprayed Plaintiff in his mouth and directly in the corner of his left eye, causing his left eye to swell up. Plaintiff claims being sprayed by Defendant Goodwin was unnecessary and excessive. Plaintiff states a Fourteenth Amendment excessive force claim against Defendant Goodwin. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015); *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Plaintiff's allegations are insufficient to state a claim against Defendant Johnson.

Plaintiff states he thinks the fight lasted too long before officers intervened, but he fails to specify which officers were present or had knowledge of the ongoing fight.

Plaintiff complains about the medical care he received after the fight, but he fails to name any individuals who were involved in his treatment as Defendants. Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give each defendant fair notice of what the claim against him is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–

02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("[A] plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

As to Defendant ACH, the Jail's medical provider, "the *Monell* theory of municipal liability applies in § 1983 claims brought against private companies that act under color of state law." *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). However, a *Monell* claim "depend[s] on proof of an underlying constitutional violation," which Plaintiff has not established. *Coleman v. City of Peoria*, 925 F.3d 336, 351 (7th Cir. 2019) (holding that the plaintiff's municipal liability claim failed as a matter of law because he "failed to present evidence supporting an underlying violation"). Therefore, Plaintiff does not state a *Monell* claim against ACH. Defendant ACH is dismissed without prejudice for failure to state a claim.

Plaintiff also names the Jail, which is not a "person" amenable to suit under § 1983. *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001); *Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("The 'Sangamon County Jail' is not a 'person' that may be sued under § 1983."). The Champaign County Satellite Jail is DISMISSED with prejudice.

Plaintiff named Officer Williams as a Defendant, but Plaintiff did not include any specific allegations about Defendant Williams in his Complaint. *See Kuhn v. Milwaukee Cnty.*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed pro se complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption). Defendant Williams is dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a Fourteenth Amendment failure-to-protect claim against Defendants Wells and Casteel for allegedly failing to perform a required security check on March 15, 2023, and a Fourteenth Amendment excessive force claim against Defendant Goodwin for allegedly spraying Plaintiff in the face on March 15, 2023. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Defendants Johnson, ACH, and Williams are DISMISSED without prejudice and Defendant Champaign County Satellite Jail is DISMISSED with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Johnson, ACH, Williams, and the Champaign County Satellite Jail.

3) Plaintiff filed a Motion to Request Counsel [6]. Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the Court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff states he sent three letters to attorneys and did not receive a response. He does not indicate which law firms or attorneys he contacted. The Court does not find this sufficient to establish that Plaintiff made a good faith effort to secure counsel on his own. Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies any documents which show Plaintiff tried to find an attorney. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). [6] is DENIED with leave to renew. If Plaintiff renews his motion, must list the attorneys or law firms he contacted and provide additional copies of the letters sent to, and received from, prospective counsel.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until

**Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.**

**7) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

**8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

**9) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.**

**10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

**11) Plaintiff shall be provided a copy of all pertinent medical records upon request.**

**12) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.**

ENTERED:  10/26/2023                                      s/ James E. Shadid
                                                          James E. Shadid
                                                          United States District Judge